**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KATHLEEN FLANIGAN,**

    **Plaintiff,**

                                                    **CASE NO.: 6:17-cv-02109-GAP-TBS**

**v.**

**SMARTPAY LEASING, LLC,**

    **Defendant.**

___

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL ARBITRATION**
___

The Plaintiff, Kathleen Flanigan, by and through her undersigned counsel, hereby submits this Response in Opposition to Defendant's Motion to Compel Arbitration (Doc. 8), and states the following in support of this requested relief:

**INTRODUCTION**

It its motion to compel arbitration, Smartpay has quite disappointingly failed to even mention the actual issue in dispute between the two parties, a decision that is particularly questionable because a proceeding involving the very same dispute is pending before the same district court judge. Here, what Smartpay has not told the Court is that it has refused to pay arbitration fees found to be applicable by the JAMS arbitration organization in four other arbitration cases also being handled by Plaintiff's counsel. This has resulted in the dismissal of two of those arbitration actions with the other two dismissals almost certain to very shortly follow (See Exhibits 1 & 2 - Freeman & Caban Dismissal Orders From JAMS; Exhibit 3 - Recent Mathis Email From Smartpay and Response; Exhibit 4 – Smartpay's Objection to Harrell Consumer

Arbitration Letter to JAMS). Moreover, in 3.01(g) discussions pertaining to Smartpay's motion to compel, Smartpay has indicated it will do exactly the same in this case as it has done in those prior cases if it proceeds to JAMS arbitration. In light of these facts, the Plaintiff asserts that it makes no sense for the Court to refer this case for an arbitration that will then be shortly thereafter dismissed due to the Defendant's willful failure to pay arbitration fees. Indeed, it would be unfair to burden the third-party arbitration administrator JAMS with yet another arbitration that will inevitably be dismissed.

## BACKGROUND

This case involves functionally the same dispute as that involved in another, more procedurally advanced case, *Freeman v. Smartpay Leasing, LLC*, 6:17-cv-00938-GAP-GJK (M.D. Fla.), that happens to be also assigned to the same district court judge, the Honorable Gregory A. Presnell. The relevant arbitration agreement applicable to all of these Smartpay cases provides these claimants with an unequivocal, contractually-provided right to choose between the two arbitration organizations specified in the arbitration agreement, the American Arbitration Association ("AAA") and JAMS. (See Doc 9-1; Arbitration Agreement). Here, as was the case with the all of the other Smartpay actions handled by Plaintiff's counsel, the Plaintiff has expressed the desire for JAMS to administrate the arbitration in this case.

The disputes concerning arbitration in each of Plaintiff' counsel's five cases against Smartpay are also identical. In each of these cases, Smartpay purports to object to the application of section 7 of **"JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses Minimum Standards of Procedural Fairness" ("Minimum Standards") which states as follows:**

> With respect to the cost of the arbitration, when a consumer initiates arbitration against the company, the only fee required to be paid by the consumer is $250,

> which is approximately equivalent to current Court filing fees. All other costs must be borne by the company, including any remaining JAMS Case Management Fee and all professional fees for the arbitrator's services. When the company is the claiming party initiating an arbitration against the consumer, the company will be required to pay all costs associated with the arbitration.

With regards to the above provision of the Mimimum Standards, Smartpay takes the position that the parties arbitration agreement, which provides that the Smartpay would pay the "initial filing fee" and that "[e]ach party must pay its own attorneys' fees and other costs of the arbitration," absolutely requires that Smartpay pay the initial filing fee and that any other costs of arbitration be split between the parties. Because JAMS has refused to conform to Smartpay's interpretation of how arbitral costs should be allocated, Smartpay has refused to pay the filing fees for these JAMS arbitrations. As such, as noted above, JAMS has dismissed two arbitrations, the *Freeman* and *Caban* cases, and will almost certainly dismiss the pending *Harrell* and *Mathis* cases in the near future. Importantly, JAMS has explicitly advocated that the remedy for this situation is for the arbitrations to be refiled with AAA.

As was demonstrated in briefing of this issue in the *Freeman* case, there is little question that Smartpay's arguments are pretextual and essentially a sham. Using AAA as the arbitration administrator would not resolve Smartpay's purported concerns regarding allocation of arbitration expenses because AAA actually has rules that are **more favorable** to the Plaintiff with regard to allocation of such expenses, limiting the amount to be paid by the claimant to $200 rather than $250. Smartpay quite obviously has another reason, likely JAMS more favorable discovery rules, for trying to deprive the Plaintiff of her contractual right to use JAMS as the arbitration administrator.

In addition to being motivated by an improper purpose, Smartpay's arguments also are patently meritless. As a starting point, it should be noted that the Minimum Standards were enacted by JAMS in 2009 and thus significantly predate the contract in this case which was signed in 2016.

As such, it is peculiar that Smartpay specifically enumerated the option of selecting JAMS as an arbitration administrator yet now takes the position that the Minimum Standards are inconsistent with its arbitration agreement. Furthermore, the arbitration agreement specifically provides that the parties will abide by the relevant arbitration organization's "rules for conducting arbitrations." The Minimum Standards are nothing more than an arbitral rule allocating arbitration expenses, a provision entirely consistent with the concept that each party must pay its "own" share of the arbitration expenses. Most importantly, Smartpay was not privileged to simply derail the arbitrations by refusing to pay in response to an unfavorable ruling by JAMS on what is clearly an arbitrable issue. It was made clear that Smartpay could proceed to the selection of an arbitrator "without waiving any objection" after the full payment of fees, yet declined to do so.

The question before the Court is how to proceed in light of this intractable dispute that Smartpay has repeatedly refused to resolve through arbitration. The Plaintiff believes that this pattern of conduct is a waiver of arbitration and should result in the resumption of litigation.

## **MEMORANDUM OF LAW**

This case presents an unusual situation where the party wishing to compel arbitration has chosen not to disclose the substance of the parties' dispute regarding arbitration and therefore has not provided the Plaintiff with any pertinent argument to respond to. Moreover, by happenstance, the most procedurally advanced case on this issue, *Freeman v. Smartpay Leasing, LLC*, 6:17-cv-00938-GAP-GJK (M.D. Fla.), is assigned to the same judge. Here, rather than attempt to respond in this case to arguments by Smartpay that were actually made in *Freeman*, the Plaintiff respectfully requests that this matter be reviewed in conjunction with *Freeman* and that the extensive briefing in *Freeman*, specifically docket entries 16, 17, and 22, along with any associated declarations and exhibits, be considered as if incorporated herein.

There is admittedly one significant point of distinction between this case and *Freeman*. In Freeman, a JAMS arbitration was filed and then subsequently dismissed. That is not the situation here, as the Plaintiff contends that this case should not be submitted to arbitration because Smartpay's stated intention to persist with the same position regarding payment that it has taken in other cases makes such an effort futile. However, out of a duty of candor to the Court, Plainitff's counsel must disclose that in *Harrell v. Smartpay Leasing, LLC*, Case No. 8:17-cv-2356-T-23TBM (Doc.14)(M.D. Fla. Dec. 21, 2017), Judge Merryday declined in a similarly situated case to speculate that Smartpay would not pay the required arbitration expenses based upon its actions in other cases. *Harrell* was ordered to arbitration and now seems to be on the entirely-too-familiar trajectory towards arbitral dismissal based upon a recent letter by Smartpay to JAMS stating that it objected to the Consumer Minimum Standards. (Exhibit D- Smartpay Harrell Letter). It should be noted that, at the time Plaintiff's counsel was preparing the response to Smartpay's motion to compel arbitration in *Harrell*, Smartpay's response in Freeman setting forth its position was not yet available (Doc 17). Had it been, it might have been easier to convince Judge Merryday that a referral to arbitration would be futile.

The Plaintiff respectfully suggests that the Court has several options for dealing with this dispute. If the Court believes that the futility of a referral of this case to arbitration has been adequately demonstrated and that Smartpay has waived arbitration, it could deny Smartpay's motion to compel arbitration. If the Court believes, as Judge Merryday did, that a waiver of arbitration has not yet been demonstrated under the circumstances of this case, then it could order the case to arbitration with the stipulation that the matter will be reconsidered when Smartpay fails to pay the arbitral fee and the arbitrator consequently dismisses the action. Alternatively, as a

middle ground, the Court could solidify the issue of waiver by inquiring of Smartpay as to whether it intends to vary its position from the one taken in *Freeman* and then rule accordingly.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion to compel arbitration should be denied or other relief should be granted as set forth in this response.

Respectfully submitted,

*/s/ Amanda J. Allen, Esq.*
**Amanda J. Allen, Esquire**
Florida Bar No. 98228
Amanda@TheConsumerProtectionFirm.com
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system to all parties of record.

Respectfully submitted,

*/s/ Amanda J. Allen, Esq.*
**Amanda J. Allen, Esquire**
Florida Bar No. 98228
Amanda@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*