**BRYAN CAVE**

BRYAN CAVE LLP  200 South Biscayne Blvd., Suite 400, Miami, FL 33131-5354
T: 786 322 7500  F: 786 322 7501  **bryancave.com**

January 11, 2018

Zina Gabsi
Attorney
Direct: 786/322-7386
Fax: 786/322-7501
zina.gabsi@bryancave.com

**VIA U.S. MAIL**

JAMS
600 Brickell Avenue
Miami, FL 33131

Re:   **Jessie Harrell v. SmartPay Leasing, LLC**
      **Objection to Consumer Arbitration**

To Whom it May Concern:

We are counsel to Respondent SmartPay Leasing, LLC, successor to BillFloat, Inc., in the above-caption matter. On January 5, 2018 the undersigned firm, on behalf of Respondent SmartPay Leasing, LLC, acknowledged receipt of the attached Demand for Arbitration[1]. We write to provide notice that although claimant has designated this as a "consumer arbitration," it does not meet the requirements for a consumer arbitration under JAMS rules.

The Demand states that "[i]f Respondent disagrees with the assertion of Claimant regarding whether this IS or IS NOT a CONSUMER ARBITRATION, Respondent should communicate this objection in writing to the JAMS Case Manager and Claimant within seven (7) calendar days of service of the Demand for Arbitration."

The JAMS Consumer Minimum Standards state that JAMS will administer arbitrations between companies and consumers only if the contract arbitration clause complies with the standards stated therein. Standard number 7 states:

> 7. With respect to the cost of the arbitration, when a consumer initiates arbitration against the company, the only fee required to be paid by the consumer is $250, which is approximately equivalent to current Court filing fees. All other costs must be borne by the company, including any remaining JAMS Case Management Fee and all professional fees for the arbitrator's services.

The parties' arbitration provision specifies the costs to be borne by each party. It states that if Claimant files a claim against SmartPay, SmartPay will pay the claimant's filing fee, but that each party must otherwise covers its costs of arbitration, including attorneys' fees (except that the

---

[1] The Demand for Arbitration is attached hereto as Exhibit "A".

11110340.1

JAMS
January 11, 2018
Page 2

arbitrator may award fees to the prevailing party).[2] This obviously diverges from the minimum standard in the rules.

We also note that pursuant to the JAMS Demand for Arbitration Form, a "consumer arbitration" must meet three requirements. The third requirement is that "[t]he consumer party was *required* to accept the arbitration provision in the contract." (emphasis added). Here, Claimant had the right to opt out of arbitration and her opt-out would not affect her agreement with SmartPay.

It thus seems clear that this dispute does not meet the requirements for a consumer arbitration. We look forward to your response.

Very truly yours,

Zina Gabsi
Attorney

ZG

cc:   Heather Jones, Esq. via email: Heather@TheConsumerProtectionFirm.com

---

[2] The operative agreement is attached hereto as Exhibit "B".

11110340.1