# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| KATHLEEN FLANIGAN,<br><br>    Plaintiff,<br><br>v.<br><br>SMARTPAY LEASING, LLC,<br><br>    Defendant. | Civil Action No. 6:17-cv-2109-ORL-31-TBS |

**DEFENDANT SMARTPAY LEASING, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW**

Defendant SmartPay Leasing, LLC ("**SmartPay**") submits this Reply in Support of Motion to Compel Arbitration and Incorporated Memorandum of Law in support hereof and respectfully states as follows:

## I.  INTRODUCTION

Plaintiff Kathleen Flanigan ("Plaintiff") filed a Complaint on December 8, 2017 asserting claims for alleged violations of the Telephone Consumer Protection Act ("TCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Fair Debt Collection Practices Act ("FDCPA"); as well a claim for invasion of privacy. [Dkt. No. 1.]  SmartPay filed a Motion to Compel Arbitration and Incorporated Memorandum of Law on January 2, 2018. [Dkt. No. 8]. Plaintiff filed her Response in Opposition to Motion to Compel Arbitration ("Response") on January 16, 2018. [Dkt. No. 12]. SmartPay was granted leave to file this Reply on January 25, 2018 [Dkt. No. 14].

## II.  ARGUMENT

Rule 3 of the Federal Arbitration Act states that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement

in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (emphasis added) 9 U.S.C. § 3. Plaintiff does not dispute that this matter is subject to the Arbitration Provision in the parties' Lease Agreement. Accordingly, this Court lacks discretion to refuse a stay of the case. It must refer the matter to arbitration.

Rather than respond to the substance of SmartPay's Motion, Plaintiff asks this Court to speculate that if this matter is referred to arbitration, and *if* Plaintiff submits her claim to JAMS (rather than AAA), JAMS will designate the matter as a "Consumer Arbitration," SmartPay will object that JAMS' Consumer Minimum Standards are in conflict with the terms of the parties' arbitration provision ("the Arbitration Provision"), JAMS will dismiss the matter, Plaintiff will seek to lift the stay, and this Court will rule that it should be lifted. Plaintiff cites to no legal authority for the proposition that this Court may deny a motion to compel arbitration based upon the presumed occurrence of future acts that have not yet occurred – and may well never occur. It would be entirely inappropriate to preemptively refuse to order the matter arbitrated based upon such unbridled speculation.

As this Court is by now aware, Plaintiff's counsel in this matter is also counsel for a different plaintiff in the matter of *Freeman v. SmartPay Leasing*, also pending before this Court. Seizing upon the Court's recent order lifting the stay in the *Freeman* matter, Plaintiff now seeks a *preemptive* determination that referral to arbitration will be futile. The Court should reject that effort. First, the *Freeman* matter is between different parties and came before the Court with a different procedural posture and upon a different record. In *Freeman*, the Plaintiff submitted her dispute to JAMS, a dispute arose regarding how to resolve a conflict between the terms of the Arbitration Provision and JAMS' application of its Consumer Minimum Standards. Although SmartPay pointed out that the dispute did not meet JAMS' *own criteria* for Consumer Arbitrations, JAMS nevertheless decided it would apply the Consumer Minimum Standards and

notified the parties that JAMS would decline to administer the dispute unless SmartPay agreed to waive the terms of the Arbitration Provision. SmartPay declined to do so, as it firmly believes that arbitration, being solely a matter of contract, must be resolved in accordance with that contract, and where a conflict arises between the terms of that contract and a provider's criteria for acceptance of the dispute, the contract terms must prevail. Nowhere does the parties' contract reflect an agreement to abide by JAMS' *Minimum Standards* (as opposed to JAMS' "rules")[1], and nowhere does the contract permit either of the two permissible dispute resolution providers to unilaterally preempt provisions of the contract. In any event, as the parties were awaiting a final resolution from JAMS regarding the issue, JAMS dismissed the matter, citing alleged nonpayment as the reason, without any acknowledgement of the unresolved conflict regarding whether the Standards or the Arbitration Provision controls. Freeman sought to take advantage of JAMS' misleading dismissal to seek to vacate the stay and, unfortunately, convinced this Court to lift the stay. However, none of the foregoing issues are properly before the Court here, and Plaintiff cites to no authority permitting the Court to premise its decision on the record in a different matter involving different parties. The issue presented here is simply whether or not the parties' agreement requires arbitration, and there is no doubt that it does.

Secondly, although Plaintiff fatalistically assumes the result before JAMS will be the same in this case as in *Freeman,* that is not necessarily the case. In the Mathis matter, currently pending before JAMS, SmartPay's counsel pointed out to JAMS its error in dismissing based upon alleged nonpayment, when JAMS had previously indicated that it was declining to administer the matter. SmartPay further pointed out that Plaintiff was *requesting* that the matter be dismissed as part of scheme to avoid arbitration. Finally, SmartPay repeatedly affirmed that it was willing to proceed before JAMS and pay all fees required under the parties' agreement and requested that *JAMS waive* its Minimum Standards to the extent they are inconsistent with the

---

[1] JAMS has a set of Arbitration Rules and Procedures, and a separate set of Consumer Minimum Standards. The parties agreed to abide by JAMS' Rules, but not Minimum Standards, because the Minimum Standards do not by their terms apply to this dispute.

parties' agreement. *See* Declaration of Zina Gabsi, Ex. A. JAMS has made no final determination on SmartPay's request as of this date. JAMS may well come to a different conclusion and it would be inappropriate to assume that it will not.

Finally, SmartPay has filed a Notice of Appeal in the *Freeman* matter. SmartPay respectfully but firmly believes that the Court's ruling is contrary to well-established Eleventh Circuit law holding that the inability or unwillingness of a dispute resolution provider identified in the parties' contract to administer the claim ***does not*** relieve a party of its obligation to arbitrate, unless choosing another forum would frustrate the essential terms of the bargain. *See New Port Richey Medical Investors, LLC v. Stern ex rel. Petscher,* 14 So. 3d 1084 (Fla. 2d DCA 2009) (The appellate court reversed the lower court's ruling that in light of the unwillingness of AAA to administer the dispute, the defendant was relieved of the obligation to arbitrate, making clear that "the parties' arbitration agreement is not rendered invalid or unenforceable simply because the AAA is unavailable to conduct the arbitration."); *see also Estate of Perez v. Life Care Centers of America, Inc.* 23 So. 3d 741, 742 (Fla. 5th DCA 2009) (fact that AAA adopted policy declining to administer healthcare disputes unless parties agreed to arbitrate post-dispute did not invalidate arbitration agreement); *Sarasota Facility Operations, LLC v. Manning,* 112 So. 3d 712, 715 (Fla. 2d DCA 2013) (where parties' agreement mandated use of National Arbitration Forum ("NAF"), fact that NAF was enjoined from administering plaintiff's claim did not vitiate obligation to arbitrate dispute); *Spring Lake NC, LLC v. Figueroa,* 104 So. 3d 1211, 1215–16 (Fla. 2d DCA 2012) (although arbitration provision required use of a "nationally recognized arbitration association," fact that none of the three nationally recognized arbitration associations was willing to administer the dispute did not relieve parties of obligation to arbitrate dispute); *Betts v. FastFunding The Company, Inc.*, 60 So. 3d 1079, 1082–83 (Fla. 5th DCA 2011) (unavailability of chosen forum does not invalidate arbitration agreement). Plaintiff in *Freeman* made no such showing and neither has Plaintiff here. Thus, in addition to the *Freeman* decision not being binding on this Court, it is currently on appeal and unless affirmed, is not properly cited as authority.

Where the parties' have agreed to arbitrate their dispute, the Federal Arbitration Act requires the Court to compel arbitration. It includes no exception for a preemptive determination that the Plaintiff's favored provider may decline to administer the dispute, or even that one of the parties may decline to pay. Plaintiff's effort to convince this Court to speculate regarding uncertain future events based upon the record in other matters involving other parties is inappropriate and should be rejected.

SmartPay has at all times made clear that it is ***fully prepared to pay all fees required under the parties' Arbitration Provision*** and to proceed to arbitration before JAMS or AAA – where SmartPay currently has two other matters pending -- consistent with the parties' agreement. Plaintiff's effort to exploit an unanticipated, good faith dispute regarding a complex issue of law to avoid arbitration should likewise be rejected.

### III.   CONCLUSION

For the forgoing reasons, SmartPay respectfully requests an order referring this matter to arbitration and staying the underlying matter pending arbitration.

### LOCAL RULE 3.01(g) CERTIFICATION

The undersigned has hereby conferred with counsel for Plaintiff in a good faith attempt to resolve the issues raised by this motion. Plaintiff opposes the relief requested herein.

Dated: January 31, 2018                          Respectfully submitted,

**BRYAN CAVE LLP**

By: */s/Zina Gabsi*
   Zina Gabsi
   Florida Bar No. 73789
   200 S. Biscayne Blvd., Suite 400
   Miami, FL 33131
   Telephone:  (786) 322-7500
   Facsimile:   (786) 322-7501
   E-Mail:   zina.gabsi@bryancave.com

   COUNSEL FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing **REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND INCORPORATED MEMORANDUM OF LAW** has been filed via the Courts CM/ECF system, and served by electronic mail on the following counsel of record:

>Amanda J. Allen, Esq.
>William "Billy" Peerce Howard, Esq.
>The Consumer Protection Firm, PLLC
>210-A South MacDill Avenue
>Tampa, FL 33609
>Amanda@TheConsumerProtectionFirm.com
>Billy@TheComsumerProtectionFirm.Com

This 31st day of January, 2018.

>  /s/ Zina Gabsi
> Zina Gabsi, Esq.
> Florida Bar. No. 73789
> BRYAN CAVE LLP

*Counsel for Defendant SmartPay Leasing, LLC*