## Gabsi, Zina

| | |
|---|---|
| **From:** | Rockey, Daniel |
| **Sent:** | Friday, January 05, 2018 3:00 PM |
| **To:** | shumphrey@jamsadr.com |
| **Cc:** | heather@theconsumerprotectionfirm.com; Gabsi, Zina |
| **Subject:** | RE: Mathis, Miranda vs. SmartPay Leasing, LLC - REF# 1460004334 |

Dear Mr. Humphrey

I represent SmartPay Leasing, along with Ms. Gabsi, and write in response to the Claimant's email below. The purpose of this email is to clarify SmartPay Leasing's position, which the claimant has blatantly misrepresented in an effort manufacture "evidence" for a motion to lift a stay of the litigation.

To be clear, SmartPay has always been and remains willing to pay all fees and costs required under the parties' arbitration provision. This ***includes payment of the entire filing fee – both Claimant's and SmartPay's filings fees***. SmartPay is unwilling to waive the other provisions of the parties' agreement – to which Claimant previously agreed but now seeks to violate --- which require the parties to split any remaining costs of arbitration beyond the filing fees.

If JAMS is willing to waive its Minimum Standards to the extent they are inconsistent with the parties' Arbitration provision, SmartPay would be more than happy to proceed before JAMS to resolve the dispute. However, SmartPay believes that dispute must be resolved in accordance with the terms to which both parties agreed in their contract. Please advise whether JAMS is willing to waive the Minimum Standards to the extent they are inconsistent with the parties' agreement. If JAMS is willing to do so, SmartPay will promptly make payment of the $1,100 filing fee and JAMS may refund the Claimant's $250.

Regards,
Dan



**Daniel Rockey**
*Partner*

T: +1 415 268 1986   F: +1 415 430 4386
BRYAN CAVE LLP   Three Embarcadero Center, 7th Floor, San Francisco, CA 94111-4070
daniel.rockey@bryancave.com

bryancave.com | A Global Law Firm

---

**From:** Heather Jones [mailto:heather@TheConsumerProtectionFirm.com]
**Sent:** Friday, January 05, 2018 10:33 AM
**To:** Sherman Humphrey; Gabsi, Zina
**Cc:** Brenda Allen
**Subject:** Re: Mathis, Miranda vs. SmartPay Leasing, LLC - REF# 1460004334

The Claimant has reviewed JAMS' January 2, 2018 Notice (see below) and agrees that the JAMS Minimum Standards are applicable in this case, as this is clearly a consumer matter and not a commercial dispute. Unfortunately, it appears that the Respondent, SmartPay Leasing, LLC, has decided not to honor its agreement to follow the rules set forth by JAMS [Para. 20, Arbitration Agreement] and has stated it will not pay the amounts required of it for JAMS to conduct mediation. In light of this refusal, the Claimant recognizes that JAMS has little choice but to dismiss the arbitration due

to the Respondent's failure to pay. Please forward an order of dismissal for our records that documents this reason for the dismissal.

Thank you. Heather Jones

**Heather H. Jones, Esquire**
**The Consumer Protection Firm**
210-A S. MacDill Ave.
Tampa, FL 33609
Phone: (813) 500-1500
Fax: (813) 435-2369
Email: Heather@TheConsumerProtectionFirm.com

---

**From:** Sherman Humphrey [mailto:shumphrey@jamsadr.com]
**Sent:** Tuesday, January 02, 2018 4:36 PM
**To:** heather@theconsumerprotectionfirm.com; Gabsi, Zina
**Cc:** brenda@theconsumerprotectionfirm.com
**Subject:** Mathis, Miranda vs. SmartPay Leasing, LLC - REF# 1460004334

Dear Parties:

JAMS has received a Demand for Arbitration in the above-referenced matter pursuant to a mandatory pre-dispute arbitration clause contained in a contract between the parties.

Pursuant to the parties' pre-dispute arbitration agreement and JAMS policy, this arbitration shall be conducted in accordance with the JAMS Comprehensive Arbitration Rules & Procedures Arbitration Rules. It is important to familiarize yourself with the arbitration rules. A copy of these rules can be obtained by visiting our website at www.jamsadr.com. Please note that this matter, being filed by a consumer against a corporation, will be further governed by JAMS Minimum Standards for Procedural Fairness in Consumer Arbitrations (enclosed).

Claimant has paid $250.00 of the Filing Fee. Under JAMS Minimum Standards, the Consumer will only be required to pay $250.00 of the Filing Fee. All other fees associated with this Arbitration shall be borne by the company/non-consumer party. Thus, Respondent must pay the remaining $950 of the Filing Fee.

Under appropriate circumstances, the Arbitrator may award JAMS fees and expenses against any party. JAMS agreement to render services is not only with the parties, but extends to the attorneys or other representatives of the parties in arbitration.

Upon receipt of the balance of the Filing Fee from Respondent, JAMS will formally commence this matter and proceed with the arbitrator selection process.

Contact me at 305-371-5267 or shumphrey@jamsadr.com if you have questions.

Sincerely,

**Sherman Humphrey**
Business Manager

JAMS
600 Brickell Avenue, Suite 2600
Miami, Florida 33131
shumphrey@jamsadr.com
O: 305-371-5267



D: 786-405-0611
F: 305-371-5288

JAMS Miami Resolution center is HIRING for a new Case Manager position. Click here for more information about joining our team.

U.S. | International | LinkedIn | Twitter

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
bcllp2018

## Gabsi, Zina

| | |
|---|---|
| **From:** | Rockey, Daniel |
| **Sent:** | Friday, January 19, 2018 1:13 PM |
| **To:** | Sherman Humphrey |
| **Cc:** | Gabsi, Zina; Brenda Allen; Heather Jones |
| **Subject:** | RE: Mathis, Miranda v. SmartPay Leasing, LLC - Ref # 1460004334 |
| **Attachments:** | LAWREN FREEMAN Plaintiff v SMARTPAY LEASING LLC Defendant.rtf |

Dear Mr. Humphrey

I write to provide additional information regarding Ms. Jones' effort below to have you dismiss the arbitration for alleged "nonpayment" by SmartPay. I am attaching hereto an order issued yesterday by the U.S. District Court **in which Ms. Jones used your prior email** dismissing the Freeman matter to convince the Court that her client should be permitted to avoid arbitration altogether. That is why she is requesting that you now dismiss Ms. Mathis' claim and wants you to characterize the dismissal as one of nonpayment, rather than what it is – a question of how to resolve an inconsistency between the terms of the arbitration provision and the JAMS Minimum Standards. She actually does not want to arbitrate. Her request is part of a cynical scheme to avoid arbitration and to use your words to avoid the arbitration clause to which her client agreed so she can litigate in Court. We assume it was never your intent to provide a basis for her client to avoid her agreement to arbitrate and we urge you not to fall into the trap.

SmartPay once again reiterates here that it stands ready and willing to pay Claimant's **entire filing fee** as provided in the arbitration provision. SmartPay also reiterates its request that JAMS acknowledge that SmarttPay's arbitration provision – under which SmartPay has agreed to pay the entire filing fee and that the parties split any remaining costs – is fair and reasonable and consistent with the intent of the Minimum Standards.

If JAMS is unwilling to do so, we request that any dismissal note that SmartPay has indicated it is willing to pay the filing fee, but that an issue has arisen as to how to resolve a conflict between the arbitration provision and JAMS Minimum Standards.

Thank you,
Dan



**Daniel Rockey**
Partner
daniel.rockey@bryancave.com   T: +1 415 268 1986

---

**From:** Heather Jones [mailto:heather@TheConsumerProtectionFirm.com]
**Sent:** Tuesday, January 09, 2018 5:36 AM
**To:** Sherman Humphrey
**Cc:** Rockey, Daniel; Gabsi, Zina; Brenda Allen
**Subject:** Mathis, Miranda v. SmartPay Leasing, LLC - Ref # 1460004334

Dear Mr. Humphrey,

I trust you will be able to look beyond opposing counsel's entirely unfounded (and blatantly unprofessional) personal attack against myself regarding the supposed "manufacturing" of evidence. I do not believe that I have misrepresented Smartpay's position in any way. Here, as it has done in two prior cases, Smartpay takes the position that it can

1

unilaterally condition its payment of relevant arbitration expenses based upon the imposition of its own interpretation of the parties' contract. In both of those prior cases, JAMS declined to discard its governing standards at the whim of Smartpay and ultimately dismissed those arbitrations because Smartpay failed to pay the relevant arbitral expenses allocated to it by JAMS Minimum Standards for Procedural Fairness in Consumer Arbitrations.

It is the Claimant's position that, as was done in those prior arbitratrations, JAMS should dismiss this arbitration as well. JAMS Minimum Standards for Procedural Fairness in Consumer Arbitrations is a longstanding rule, having been put into effect in July of 2009. Smartpay's contract with that Plaintiff was signed well after the adoption of these minimum standards, yet Smartpay persists with the preposterous argument that its contract is inconsistent with these minimum standards even though Smartpay explicitly listed JAMS as an authorized arbitration organization and agreed to arbitrate pursuant to JAMS' rules. Furthermore, even if one were to give Smartpay's arguments much more credit than they are due and consider them colorable, Smartpay was offered the opportunity to raise these arguments with the arbitrator after making the appropriate payments pursuant to the JAMS minimum standards, yet declined to do so.

For your convenience, I have attached the relevant dismissal orders for the two prior arbitrations. I also stand ready to provide any additional information you might require regarding the events leading up to the dismissals in those prior arbitrations.

Thank you. Heather Jones



**Heather H. Jones, Esquire**
**The Consumer Protection Firm**
210-A S. MacDill Ave.
Tampa, FL 33609
Phone: (813) 500-1500
Fax: (813) 435-2369

**CONFIDENTIALITY NOTICE**: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.